## FIDLIN *v.* COLLISON.

1. TAXATION—STATUTES—CONSTRUCTION.

    The scope of tax laws may not be extended by implication or forced construction, and the language of a tax statute, if dubious, is not resolved against the taxpayer.

2. SAME—COLLECTING OFFICERS—AUTHORITY.

    Tax collecting officers can only act within express authority conferred by law.

3. STATUTES—CONSTRUCTION—TITLE OF ACT.

    Proper construction of the body of a statute in cases of doubt may be revealed by resort to the preamble or recitals in the title for the purpose of ascertaining the legislative intent (Const 1963, art 4, § 24).

4. TAXATION—JEOPARDY ASSESSMENT—COLLECTION.

    Jeopardy assessment procedure, which accelerates personal property tax so that it becomes immediately due and payable, *held*, to incorporate by reference the collection procedure authorized under the general property tax statutes and to confer on tax collectors the same powers and duties as they possess

REFERENCES FOR POINTS IN HEADNOTES

[1]  51 Am Jur, Taxation § 308 *et seq.*
[2]  51 Am Jur, Taxation § 980 *et seq.*
[3, 4]  50 Am Jur, Statutes §§ 309, 310 *et seq.*
[5–8]  51 Am Jur, Taxation § 981 *et seq.*

under general property tax statutes, to the extent that these powers and duties are harmonious and not inconsistent with jeopardy assessment statute (CL 1948, §§ 211.40, 211.46, 211-.47; CLS 1961, §§ 211.691–211.697).

5. Same—Tax Collector—Personal Call.

The tax collector is to call personally upon each person liable to pay taxes and demand payment of the taxes charged against him, if not paid by due date as set forth in statute (CL 1948, § 211.46).

6. Same—Demand—Distraint of Property.

Generally, a demand for the taxes due must be made before property can be distrained, and there must be a compliance with other statutory conditions precedent (CL 1948, § 211.46).

7. Same—Seizure of Personal Property—Excessive Amount.

Seizure of personal property is limited to an amount sufficient to pay the personal property tax; if the amount is excessive the seizure is illegal (CL 1948, § 211.47).

8. Same—Execution of Levy on a Statutory Lien.

Execution of levy upon a statutory lien for $629.32 jeopardy assessment for personal property taxes by seizing and padlocking property assessed at $10,500 without a prior demand for payment or providing opportunity for making payment, is without statutory authority and violates the constitutional provision mandating due process of law where there is a taking of property (Const 1963, art 1, § 17; CL 1948, § 211.46; CLS 1961, §§ 211.691–211.697).

Appeal from Saginaw; O'Neill (James E.), J. Submitted Division 3 June 6, 1967, at Lansing. (Docket No. 1,880.) Decided December 7, 1967. Leave to appeal denied March 6, 1968. See 380 Mich 761.

Complaint by Eldon and Emma Fidlin against William T. Collison, treasurer of the city of Saginaw, for conversion of personal property. Judgment for defendant. Plaintiffs appeal. Reversed and remanded for new trial.

*Floyd T. Fuss,* for plaintiffs.

*Smith, Brooker, Harvey & Cook, (Francis B. Drinan,* of counsel), for defendant.

HOLBROOK, P. J.   Plaintiffs, Eldon Fidlin and his wife, Emma Fidlin, brought suit against William T. Collison, treasurer for the city of Saginaw, alleging conversion of personal property. From a jury verdict of no cause of action, plaintiffs appeal.

There appears to be no dispute between the parties as to the following pertinent facts: Eldon Fidlin (hereinafter referred to as plaintiff) owned and operated Mel's Hamburg Kitchen, located at 313 South Michigan avenue in Saginaw, a well-established business. In October of 1957, plaintiff ventured into the take-out food and restaurant business and leased a corner lot at 2700 State street for 10 years at $200 per month and constructed thereon a cinder block building. The cost of the building, with utilities, equipment and surrounding pavement, according to plaintiff, was approximately $29,000. The building remained personal property and was assessed as such.

Plaintiff operated a take-out restaurant at the 2700 State street premises from April, 1958 until May of 1961, when he closed the business on the advice of his doctor and his inability to hire competent help. On cross-examination, plaintiff stated that the changing of the street fronting the premises from a two-way to a one-way street in November of 1958, hurt his business. Plaintiff was breaking even at the time the business was closed.

Plaintiff continued to use the building in connection with his other business by storing food and maintaining ice-making facilities in it; the electricity and water supply were operative. The building was

put up for sale as a take-out restaurant business, with equipment.

On July 19, 1961, defendant learned that plaintiff's take-out business was closed and personal property was being removed from the premises. That same day, defendant went to 2700 State street and on looking through a doorway window observed that 2 stoves or grills had been removed from underneath their hoods.[1] Defendant went to the county assessor's office, found out that the take-out business was being operated by plaintiff and the personal property including the building was assessed at $10,500. He then proceeded to the office of the city attorney where a jeopardy assessment affidavit was made out claiming the amount of $629.32. After filing a copy of the jeopardy assessment affidavit[2] with the register of deeds' office, defendant proceeded to Mel's Hamburg Kitchen. Plaintiff was not there. Defendant then went directly to 2700 State street, padlocked both doors and posted the following notice:

[1] Plaintiff admitted taking out 2 deep fryers (valued at $275) for use elsewhere. Also, a coffee urn had been returned to its seller. Also a cigarette machine was removed.

[2] "William T. Collison, being first duly sworn, deposes and says that he is the treasurer of the city of Saginaw, a municipal corporation in the county of Saginaw and State of Michigan, and that Eldon Fidlin, doing business as Take Out Restaurant, 2700 State street, Saginaw, Michigan, owned certain personal property consisting of restaurant equipment and building on the tax day, December 31, 1960; that said property had its situs within the city of Saginaw, Michigan, on said tax day; that the assessed value thereof is $10,500; that the amount of the jeopardy tax rate is $59.84 per thousand dollars of evaluation; that the tax due is $629.32; that the names of the taxing units on whose behalf such jeopardy assessment is made are the city of Saginaw, the school district of the city of Saginaw, and the county of Saginaw; that said deponent has good reason to believe that said taxpayer has closed his business and is about to assign and dispose of said personal property, thereby tending to jeopardize the collectibility of any personal property tax, assessed and levied by the regular assessment and collection procedures.

"Further deponent says not."

"NOTICE

*"To whom it may concern:*

"This is to certify that I, William T. Collison, treasurer of the city of Saginaw, Michigan, have this day seized the personal property of Eldon Fidlin, doing business as Take Out Restaurant at 2700 State street, Saginaw, Michigan, due to jeopardy assessment.

"All persons are warned against removing or disturbing this property or notice in any way.

"s/William T. Collison

"City Treasurer

"Dated July 19, 1961."

Defendant returned to his office and mailed a copy of the jeopardy assessment affidavit to plaintiff at 313 South Michigan avenue. Plaintiff received the copy the following day, July 20.

The charter of the city of Saginaw provides for the payment of city and school taxes on July 1, at which time they are normally billed. However, in 1961, the billing did not take place until September 1 due to an appeal to the board of State tax commissioners; thus plaintiff had no notice of a tax payment being due prior to receiving a copy of the jeopardy assessment affidavit.

Plaintiff telephoned defendant on July 20 and inquired as to the personal property seizure. Defendant informed plaintiff that by paying the $629.32 assessment the padlocks would be removed. Plaintiff chose not to pay the jeopardy assessment because he claimed the seizure was improper. The building remained locked from July 19 to September 1 at which time defendant conducted a tax sale. Prior to the sale, plaintiff on request, and in the company of defendant or employees of the city treasurer's office, was permitted to remove food and obtain ice from the building.

Six items were sold at the tax sale: a small safe ($50); a milk machine ($280); a thermostat griddle ($30); a fan ($40); a cash register ($150); and an electric oven ($115). These items individually brought a total of $665. They were offered as a unit and brought $675. Defendant subsequently sent plaintiff a check for the excess obtained on the tax sale over the jeopardy assessment. Plaintiff refused to cash this check and brought suit, alleging conversion of his personal property by defendant.

The primary issue on appeal is as follows: *Did defendant, in seizing plaintiff's personal property, act in compliance with the applicable statutory provisions providing for personal property tax collection?*

In the case of *Consolidated Paper Co. v. Department of Revenue* (1943), 306 Mich 216, 221 several principles of law, applicable to the instant case, were quoted from previous Michigan cases by Mr. Justice BUSHNELL:

"We also said in *Michigan Allied Dairy Ass'n v. State Board of Tax Administration* (1942), 302 Mich 643, 650:

" 'We have repeatedly held that the scope of the tax laws may not be extended by implication or a forced construction. We held in *In re Dodge Brothers* (1928), 241 Mich 665, 669, as follows:

" ' "Tax exactions, property or excise, must rest upon legislative enactment, and *collecting officers can only act within express authority conferred by law.* Tax collectors must be able to point to such express authority so that it may be read when it is questioned in court. *The scope of tax laws may not be extended by implication or forced construction.* Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer." '

" 'We have since adhered to this principle in *J. B. Simpson, Inc., v. O'Hara* (1936), 277 Mich 55, 61,

and *Star Steel Supply Co.* v. *State of Michigan*
(1939), 290 Mich 378, 383, and adhere to it again in
the case at bar.' " (Emphasis supplied.)

We are unable to find where PA 1956, No 55 has
been construed by an appellate court in this State;
and while the privilege of coming first may be en-
viable, it is not without its own onus of responsibil-
ity, especially where construction of legislative in-
tent is involved.

The purpose and intent of PA 1956, No 55[3] is
stated in its preamble[4] which reads as follows:

"An act to authorize the jeopardy assessment of
personal property taxes; to establish the terms, lim-
itations and conditions upon which the date for pay-
ment of personal property taxes may be accelerated;
to provide for the collection of such taxes, and to es-
tablish a lien therefor; and to establish the liability
of the purchaser of personal property for personal
property taxes."

Section 1 of the act provides in part as follows:

"The treasurer of any township, city or village is
authorized to accelerate the date on which any per-
sonal property tax collectible by him would other-
wise be due *upon the terms, limitations and condi-
tions set forth in this act."* (Emphasis supplied.)

The affidavit of defendant complied *substantially*
with the requirements of section 2 relating to the
contents of the jeopardy assessment affidavit; the
language of the affidavit indicated reliance on sub-
section (b) of section 2 which reads as follows:

---

[3] CLS 1961, §§ 211.691–211.697 (Stat Ann 1960 Rev §§ 7.51[1]–
7.51[7]).

[4] "In cases of doubt as to the proper construction of the body of
a statute, resort must be had to the preamble or recitals, for the
purpose of ascertaining the legislative intent." 82 CJS, Statutes,
§ 349, p 730. See, also, Const 1963, art 4, § 24.

"That the taxpayer has assigned, disposed of or concealed, or is about to assign, dispose of or conceal any of this property, thereby tending to jeopardize the collectibility of any personal property tax, assessed and levied by the regular assessment and collection procedure."

Also, from the facts, the defendant complied *substantially* with the requirements of section 3, relating to the filing of the affidavit and notice to the taxpayer.[5]

It is in the requirements of section 4, that the issue before us takes focus and for this reason it is set forth in full:

"Upon the filing of such affidavit with the register of deeds, a personal property tax in the amount specified therein shall be immediately due and payable from the taxpayer therein named and shall be a lien against the property therein described to the same extent and of the same character as the lien provided in section 40 of Act No. 206 of the Public Acts of 1893, as amended, being section 211.40 of the Compiled Laws of 1948. The treasurer shall have the same powers and duties in the collection of the tax so assessed as in the collection of personal property taxes regularly assessed under the general laws of this State."

There can be no argument that the act authorizes acceleration of the date for payment of personal property taxes whereby the specified amount of personal property tax becomes *"immediately due and payable."* To this end *a lien* of "the same extent and of the same character as the lien provided in section 40 of Act No. 206 of the Public Acts of 1893, as amended, being section 211.40 of the Compiled

---

[5] Defendant gave "notice" to plaintiff by mailing him a copy of the jeopardy assessment affidavit. This section specifies "to which notice shall be attached a copy of the affidavit filed with the register of deeds."

Laws of 1948", attaches against the taxpayer's personal property.[6] The last sentence of said section 4, gives the tax collector *"the same powers and duties * * * as in the collection of personal property taxes regularly assessed under the general laws of this State."* (Emphasis supplied.)

While jeopardy assessment procedure accelerates the personal property tax so that it becomes immediately due and payable, the collection of such tax is to be consonant with the collection procedure authorized under the general property tax statutes, *viz.* CLS 1961, § 211.44 *et seq.* (Stat Ann 1965 Cum Supp § 7.87 *et seq.*). Thus, CL 1948, § 211.46 (Stat Ann 1960 Rev § 7.90) and CL 1948, § 211.47 (Stat Ann 1960 Rev § 7.91) must be examined and PA 1956, No 55 applied thereto. In other words, PA 1956, No 55 must be construed as adopting and incorporating with reference to collection procedures, the powers and duties of tax collectors as found in CL 1948, § 211.46 (Stat Ann 1960 Rev § 7.90) and CL 1948, § 211.47 (Stat Ann 1960 Rev § 7.91) to the extent such powers and duties are harmonious and not inconsistent with its provisions.[7]

CL 1948, § 211.46 (Stat Ann 1960 Rev § 7.90) requires the tax collector to "call personally upon each person liable to pay such taxes, if a resident of such township, or at his usual place of residence or business therein, *and demand payment of the taxes charged against him."* (Emphasis supplied.) CL 1948, § 211.47 (Stat Ann 1960 Rev § 7.91) states the next step of tax collection in the following language:

---

[6] 84 CJS, Taxation, § 585, p 1181, states in part that "a statute imposing a lien for the payment of a tax will be strictly construed, and will not be enlarged by construction."

[7] The procedural mechanics of general property tax collection, such as payment and extension of payment dates, necessity of warrant, receipt of tax roll, et cetera, are inconsistent with the provisions of PA 1956, No 55. Therefore such are not necessary nor applicable where jeopardy assessment procedure is utilized.

"If any person, firm or corporation shall neglect or refuse to pay any tax assessed to him or them, the township or city treasurer, as the case may be, shall collect the same by seizing the personal property of such person, firm or corporation, to an amount sufficient to pay such tax, fees and charges for subsequent sale, wherever the same may be found [in the State], and from which seizure no property shall be exempt."

This is the procedure to be followed in general property tax collection, and absent a specific provision in the jeopardy assessment act, we assume the same procedure is to be followed in collecting personal property taxes pursuant to a jeopardy assessment.

The facts in this case disclose no demand by the defendant city treasurer of plaintiff for payment nor a neglect or refusal by the plaintiff taxpayer to pay prior to the seizure of the personal property. Such execution of levy upon a statutory lien without a prior demand for payment or the providing of an opportunity for making such payment, is without statutory authority and violates the constitutional provision mandating due process of law where there is a taking of property.[8]   84 CJS, Taxation, § 689, p 1367.

Defendant urges as controlling the cases of *Thompson* v. *Wordeman* (1936), 64 SD 261 (266 NW 142) and *Metzger* v. *Quick* (1955), 46 Wash 2d 477 (282 P2d 812). The *Thompson Case* is inapplicable in that it deals with delinquent taxes. The *Metzger Case* is more on point—however, Washington statutory authority, as indicated therein, specifically provided for *jeopardy distraint* (as opposed to jeopardy assessment) where personal property was about to become unavailable as a means of satisfying the personal property taxes due or about to be-

---

[8] US Const, Am 14, § 1; Const 1963, art 1, § 17.

come due. No such statutory authority exists in Michigan.

Defendant's seizure was unlawful in another regard—the seizure was excessive with reference to the amount of personal property tax immediately due and payable. Defendant knowingly seized personal property assessed at $10,500 for a jeopardy assessment of $629.32.

CL 1948, § 211.47 (Stat Ann 1960 Rev § 7.91) limits the seizure of personal property "to an amount sufficient to pay such tax." 84 CJS, Taxation, § 694, p 1371 states as follows:

"The officer authorized to distrain for taxes must exercise a sound discretion as to the property to be seized to satisfy the tax and the amount, and, where different articles of property are available, he is bound to select that which will best satisfy the tax with the least expense and inconvenience to the taxpayer. *The amount of property distrained must not be excessive and, if it is, the seizure is illegal."* (Footnotes omitted.) (Emphasis supplied.)

Defendant's seizure of plaintiff's personal property was unlawful for 2 reasons—(1) a failure to follow authorized statutory collection procedure and (2) an excessive distraint.

Other matters raised by plaintiff need not be considered in view of our determination.

Reversed and remanded for new trial not inconsistent with this opinion. Costs to plaintiffs-appellants, assessment to await determination on the merits.

BURNS and WISE, JJ., concurred.