ATKINSON v DeBRABER

Docket No. 104938. Submitted July 18, 1989, at Grand Rapids. Decided September 18, 1989. Leave to appeal applied for.

Thomas Atkinson, individually and as next friend of his son, Ryan Atkinson, brought a negligence action in Kent Circuit Court against his son's teacher, Leonard DeBraber, and the Sparta Area Schools. The action related to an incident in which plaintiff's son fell off a classroom chair when DeBraber pulled the chair, with young Atkinson on it, away from a table where Atkinson and other students were seated after Atkinson ignored DeBraber's instruction to keep away from another student's purse. The trial court, George R. Cook, J., granted summary disposition in favor of Sparta Area Schools on the basis of governmental immunity. A jury subsequently returned a verdict of no cause of action with respect to DeBraber. Plaintiff appealed.

The Court of Appeals *held:*

Pursuant to statute, a teacher or superintendent shall not be liable in a civil action for the use of physical force on the person of a pupil for the purpose of maintaining proper discipline over pupils in attendance at school, except in the case of gross abuse and disregard for the health and safety of the pupil. Here, the trial court properly instructed the jury as to the statute and it did not err in refusing to instruct the jury as to negligence, since liability for simple negligence is precluded under the statute.

Affirmed.

1. Appeal — Jury Instructions.

If jury instructions are erroneous or inadequate, reversal is required only where failure to do so would be inconsistent with substantial justice (MCR 2.613[A]).

2. Schools — Student Discipline — Corporal Punishment.

A teacher or superintendent shall not be liable in a civil action

References

Am Jur 2d, Appeal and Error §§ 810-817; Municipal, County, School, and State Tort Liability §§ 628-632, 635.

Personal liability of public school teacher in negligence action for personal injury or death of student. 34 ALR4th 228.

for the use of physical force on the person of a pupil for the purpose of maintaining proper discipline over pupils in attendance at school, except in the case of gross abuse and disregard for the health and safety of the pupil (MCL 380.1312; MSA 15.41312).

*Norris & Associates, P.C.* (by *Reginald L. Norris*), for plaintiff.

*Musto & Tacket, P.C.* (by *Timothy L. Tacket*), for defendant Leonard DeBraber.

Before: DANHOF, C.J., and CYNAR and WEAVER, JJ.

CYNAR, J. Plaintiff appeals as of right from a jury verdict of no cause of action on this suit involving the use of physical force by a teacher against a student. Specifically, plaintiff asserts that the trial court committed error requiring reversal when it refused to give the standard jury instructions on negligence. We disagree, and affirm.

On April 21, 1986, Ryan Atkinson was a student in defendant Leonard DeBraber's class at Sparta High School. During class on that day, Atkinson was seated with three other students around a table. One of those students left the table and went up to DeBraber's desk to ask him a question. Upon returning to the table she discovered that the other students had hidden her purse. DeBraber came over to the table and told Atkinson to leave the student's purse alone. He then turned to help another student at the next table.

Shortly thereafter, DeBraber turned around and saw Atkinson reaching across the table into the same student's purse once again. DeBraber testified that he grabbed the chair in which Atkinson was sitting and pulled it back. DeBraber stated

that he was trying to maintain discipline, and slid the chair back to keep Atkinson from reaching into the purse. As DeBraber pulled the chair back, the seat pivoted from the rest of the chair, and Atkinson fell to the floor. After the incident, it was discovered that three of the four fasteners holding the chair seat to the frame were missing. Neither DeBraber nor Atkinson knew the chair was broken before the incident occurred.

On January 28, 1987, Thomas Atkinson, individually and as next friend of his son, Ryan Atkinson, filed a complaint alleging negligence on the part of both DeBraber and Sparta Area Schools. On November 3, 1987, the trial court granted the school district's motion for summary disposition on the basis of governmental immunity, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, leaving only DeBraber as a defendant.

A jury trial was held on July 11 and 12, 1988. At the close of proofs, the court gave instructions to the jury, part of which related to the "gross abuse" standard set forth in MCL 380.1312; MSA 15.41312, regarding the use of physical force by a teacher against a student.

After the instructions were given, plaintiff's attorney placed on the record his objection to the trial court's refusal to instruct the jury on negligence, and to the court's instructions regarding the aforementioned statute. The jury returned a verdict of no cause of action.

Plaintiff's argument actually appears to be twofold. Plaintiff first maintains that there was at least a factual question, which should have been resolved by the jury as trier of fact, as to whether DeBraber was actually involved in disciplining Atkinson at the time of the incident. Thus, plaintiff contends that the jury should have been instructed on the alternative theory of negligence in

addition to the "gross abuse" standard under MCL 380.1312; MSA 15.41312. Secondly, plaintiff argues that regardless of any question of fact, the statute was not intended to abrogate common-law causes of action and, therefore, instructions on simple negligence should have been given on that basis as well. However, we find both arguments unpersuasive.

MCL 380.1312; MSA 15.41312, upon which the jury instructions at issue were based, reads in pertinent part:

> (2) A teacher or superintendent may use reasonable physical force on the person of a pupil necessary for the purpose of maintaining proper discipline over pupils in attendance at school.
>
> (3) A teacher or superintendent shall not be liable in a civil action for the use of physical force on the person of a pupil for the purposes prescribed in this section, except in case of gross abuse and disregard for the health and safety of the pupil.

Relying on the above statute, the trial court charged the jury in part:

> We have a law in the state which reads in part as follows: A teacher or superintendent shall not be liable in a civil action for the use of physical force on the person of a pupil for the purposes prescribed in this section, except in case of gross abuse and disregard for the health and safety of the pupil.
>
> The term gross abuse and disregard for the health and safety of the pupil means conduct on the part of the teacher that is intentional, willful or in reckless disregard for the health and safety of the pupil. Whether the defendant teacher's conduct is viewed as gross abuse and in disregard for the health and safety of the pupil is a question of fact for you, the jury, to resolve.

If jury instructions are erroneous or inadequate, reversal is required only where failure to do so would be inconsistent with substantial justice. *Johnson v Corbet,* 423 Mich 304, 327; 377 NW2d 713 (1985); *Willoughby v Lehrbass,* 150 Mich App 319, 336; 388 NW2d 688 (1986); MCR 2.613(A). In this case, we find no error or inadequacy in the trial court's charge to the jury.

First, there is no basis for plaintiff's contention that there existed a question of fact on whether DeBraber was disciplining Atkinson when the incident occurred. The undisputed testimony of Ryan Atkinson, DeBraber, and another student who had been sitting at Atkinson's table at the time of the incident showed that DeBraber's actions followed his verbal admonishment to Atkinson to keep his hands off the female student's purse, and Atkinson's blatant disregard of that admonishment. Ryan Atkinson's subjective belief that DeBraber intended to harm him because they did not get along does not alone create an issue of fact. See, e.g., *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 478; 308 NW2d 459 (1981), lv den 414 Mich 870 (1982). (Mere subjective expectancy on the part of an employee that he or she will only be discharged for good cause does not give rise to a legitimate claim for breach of an implied employment contract.)

Moreover, even had plaintiff been able to present proof that DeBraber had *intended* to harm Atkinson, such proof would not support a negligence claim. Rather, it would be evidence of an intentional tort for which the jury could have found DeBraber liable, but did not, under the instructions actually given by the trial court.

Finally, plaintiff relies on the following language from *Willoughby, supra,* p 341, to support his

contention that MCL 380.1312; MSA 15.41312 does not abrogate a common-law negligence action:

> We think that in Michigan, as well, the Legislature intended that a teacher might be guilty of assault and battery when his or her conduct exceeds the parameters of the statute. MCL 380.1312 [MSA 15.41312]. The statute was not intended to abrogate the common-law torts of assault and battery but, rather, was intended to carve a limited exception into the common-law doctrine in order to provide educators with the necessary means of maintaining discipline in the classroom.

Words of a statute are to be given their ordinary, normally accepted meaning. Where the meaning of a statute is clear and unambiguous, judicial construction or interpretation is precluded. When determining legislative intent, the language of the statute should be given a reasonable construction considering the statute's purpose and the object sought to be accomplished. Statutes are to be construed so as to avoid absurd or unreasonable consequences. See, e.g., *Joy Management Co v Detroit,* 176 Mich App 722, 730-731; 440 NW2d 654 (1989). Here, plaintiff has misinterpreted the statute and the holding of *Willoughby, supra.* The language of the statute plainly evidences a legislative intent to protect educators from civil liability except where their conduct meets or exceeds the level of "gross abuse and disregard for the health and safety of the pupil." A claim of simple negligence certainly falls well below that threshold.

Affirmed.