SESSA v STATE TAX COMMISSION

Docket No. 67365. Submitted January 3, 1984, at Detroit.—Decided April 5, 1984.

Plaintiffs, Michael C. Sessa, individually and as Chairman of the Macomb County Taxpayers' Association, and Lawrence A. Goulet and others, for themselves and as members of the Macomb County Taxpayers' Association, brought an action in the Macomb Circuit Court in their individual capacities and on behalf of all parties paying property taxes in Macomb County. Plaintiffs sought a declaratory judgment against defendants, the State Tax Commission, its chairman and members and the Macomb County Board of Equalization and its director, declaring certain actions by the defendants relative to the equalization of 1982 property tax assessments illegal. Plaintiffs also sought a writ of mandamus to compel defendants to calculate the equalization factor according to a method approved by plaintiffs and a preliminary injunction to prevent defendants from increasing local tax assessments during the pendency of the action. The trial court, Kenneth N. Sanborn, J., concluding that all of the plaintiffs' claims were either within the exclusive jurisdiction of the Michigan Tax Tribunal or were claims which plaintiffs lacked standing to assert, granted an accelerated judgment in favor of all of the defendants. The plaintiffs appeal from the order granting the accelerated judgment. *Held:*

1. To the extent that plaintiffs' complaint can be read to assert a dispute as to their individual property tax assessments, including the effect thereon of the equalization process, the circuit court is without jurisdiction and the Tax Tribunal has exclusive jurisdiction.

2. The Tax Tribunal has the jurisdiction to resolve the plaintiffs' assertions which are couched in constitutional terms since resolution of the issues does not require a determination

REFERENCES FOR POINTS IN HEADNOTES
[1-4, 6] 72 Am Jur 2d, State and Local Taxation §§ 799, 800.
[5] 72 Am Jur 2d, State and Local Taxation §§ 867, 872.
[7] 71 Am Jur 2d, State and Local Taxation § 124.

of constitutional issues but rather a factual determination particularly within the expertise of the Tax Tribunal.

3. The fact that plaintiffs have entitled this action a "class action" does not divest the Tax Tribunal of its exclusive jurisdiction.

4. Plaintiffs' claim of denial of due process of law because they are required to rely on their elected county representatives to represent them at state equalization hearings is without merit.

Affirmed.

1. TAXATION — TAX TRIBUNAL — JURISDICTION.

The Michigan Tax Tribunal has exclusive and original jurisdiction to review final decisions or determinations concerning assessments or equalization under the property tax laws (MCL 205.731; MSA 7.650[31]).

2. TAXATION — TAX TRIBUNAL — JURISDICTION.

Parties previously entitled to proceed before the State Tax Commission or circuit court for the review of determinations or decisions concerning assessments or equalization under the property tax laws may now proceed only before the Michigan Tax Tribunal (MCL 205.741; MSA 7.650[41]).

3. TAXATION — TAX TRIBUNAL — REMEDIES.

The Michigan Tax Tribunal is empowered to issue such writs, orders, or directives which it deems necessary (MCL 205.732; MSA 7.650[32]).

4. TAXATION — TAX TRIBUNAL — JURISDICTION.

The Michigan Tax Tribunal does not have the jurisdiction to undertake the determination of constitutional questions or possess the power to hold statutes unconstitutional, however, it does have the jurisdiction to resolve assertions couched in constitutional terms requiring factual determinations particularly within the expertise of the Tax Tribunal.

5. TAXATION — TAX TRIBUNAL — EQUITY.

Enforcement of the writs, orders, or directives of the Michigan Tax Tribunal is available in the circuit courts in the form of equitable relief.

6. TAXATION — TAX TRIBUNAL — JURISDICTION — CLASS ACTIONS.

The Michigan Tax Tribunal has the jurisdiction to resolve class actions involving issues within the Tax Tribunal's exclusive jurisdiction.

7. TAXATION — PROPERTY TAX — DUE PROCESS.

 Representation of a county's taxpayers by the county's elected officials at state equalization hearings does not deny the taxpayers due process of law.

*S. Lee Elliott & Associates, P.C.* (by *S. Lee Elliott*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistants Attorney General, for defendants.

Before: CYNAR, P.J., and GRIBBS and M. R. KNOB-LOCK,* JJ.

PER CURIAM. Plaintiffs brought suit in circuit court in their individual capacities and as a class action on behalf of all parties paying property taxes in Macomb County. They appeal as of right from an order granting accelerated judgment in favor of all of the defendants.

Plaintiffs' complaint sets forth the following allegations: that defendants proposed to equalize 1982 tax assessments upon residential property by using a "sales ratio study" that contained raw data with little verification of its accuracy; that utilization of this method will result in a substantial number of plaintiffs' properties being assessed at greater than 50% of the true cash value, contrary to Const 1963, art 9, § 3; that such "method" includes duplicated sales, sales which did not occur, sales of new construction assessed as vacant land, mortgage foreclosure, and other forced sales, and other unreliable sales; that such method includes costs attributable to amounts expended by owners of residential real property for normal repairs and other improperly considered expenditures in reaching

---

* Circuit judge, sitting on the Court of Appeals by assignment.

true cash value, contrary to MCL 211.27; MSA 7.27; that the method used was statistically improper and yielded an inaccurate study; that defendants have failed and refused to enforce applicable statutory and constitutional provisions; and that there exists no statutory appeal available to plaintiffs from unconstitutional equalization of their real property. Plaintiffs requested that these actions, as well as the method used in calculating the equalization factor, be declared illegal. They further sought a writ of mandamus to compel defendants to properly calculate the equalization factor and a preliminary injunction to prevent defendants from increasing local tax assessments during the pendency of this action.

After hearing and rehearing on defendants' motions for accelerated judgment, the court concluded that all of plaintiffs' claims were either within the exclusive jurisdiction of the Michigan Tax Tribunal or were claims which plaintiffs lacked standing to assert. We affirm the trial court's grant of accelerated judgment.

To the extent that plaintiffs' complaint can be read to assert a dispute as to their individual property tax assessments, including the effect thereon of the equalization process, the circuit court is without jurisdiction. The Michigan Tax Tribunal has exclusive and original jurisdiction to review final decisions or determinations concerning assessments or equalization under the property tax laws. MCL 205.731; MSA 7.650(31). A party who was previously entitled to proceed before the State Tax Commission or circuit court for review of such determinations or decisions may now proceed only before the Tax Tribunal, MCL 205.741; MSA 7.650(41), which is empowered to issue such "writs, orders, or directives which it deems necessary * * *". MCL 205.732; MSA 7.650(32).

Plaintiffs claim that the circuit court neverthe-less has jurisdiction over this controversy because of the constitutional issues they assert and the equitable relief they seek. We conclude *Wikman v Novi,* 413 Mich 617; 322 NW2d 103 (1982), is dispositive of this issue. Plaintiffs in that action claimed that the circuit court had jurisdiction for reasons similar to those asserted by plaintiffs herein. The Supreme Court held that although the Tax Tribunal did not have jurisdiction to under-take the determination of constitutional questions or possess power to hold statutes unconstitutional, it did have jurisdiction to resolve assertions, couched in constitutional terms, that an assess-ment was arbitrary and without foundation. Simi-larly, plaintiffs in this action claim that the use of improper data by defendants produced a result that contravened constitutional provisions, *i.e.,* as-sessment of their property at greater than 50% of the true cash value. Resolution of this issue re-quires not a determination of constitutional issues, but rather an inquiry as to the validity of the "sales ratio study", a factual determination partic-ularly within the expertise of the Tax Tribunal. And upon resolving this issue, the Tax Tribunal is empowered to issue such "writs, orders, or direc-tives which it deems necessary". MCL 205.732; MSA 7.650(32). Plaintiffs could then, if necessary, seek equitable relief to enforce the Tax Tribunal decision, see *Edros Corp v Port Huron,* 78 Mich App 273; 259 NW2d 456 (1977). The fact that plaintiffs have entitled this action a "class action" does not divest the Tax Tribunal of exclusive jurisdiction. *Wikman v Novi, supra,* p 649.

Plaintiffs' claim that they are denied due process of law because they are required to rely on their elected county representatives to represent them

at state equalization hearings is also without merit. *Henshaw v State Tax Comm (On Remand),* 126 Mich App 806; 338 NW2d 224 (1983).

Affirmed.