KOSTYU v DEPARTMENT OF TREASURY

Docket Nos. 93453, 96210. Submitted January 27, 1988, at Lansing.
    Decided May 6, 1988.

Donald R. Kostyu failed or refused to file his Michigan income
    tax returns for tax years 1981 and 1982. The Michigan Depart-
    ment of Treasury thereafter sent Kostyu an assessment notice
    reflecting the department's intent to assess him for the income
    tax deficiency, a penalty and cumulative interest. After an
    informal conference between the department and Kostyu, the
    department issued its decision and order of determination of
    final assessment. Kostyu appealed to the Michigan Tax Tribu-
    nal. Kostyu also filed suit for a declaratory judgment in the
    Ingham Circuit Court against the department and the Tax
    Tribunal. Kostyu asked that the department's job outline JC-
    41090, which was used to estimate his income, be declared
    invalid or unconstitutional because it allegedly was not promul-
    gated in accordance with the Administrative Procedures Act,
    denied him due process of law, and was contrary to statute. The
    circuit court, Robert Holmes Bell, J., granted a motion for
    summary disposition by the Tax Tribunal and the department
    based on lack of subject matter jurisdiction and failure to
    exhaust administrative remedies. A hearing officer of the Tax
    Tribunal then granted the department's motion to dismiss
    based on Kostyu's failure to produce any evidence of his actual
    income. The Tax Tribunal then issued an opinion and judgment
    adopting the hearing officer's decision. Kostyu appeals from the
    circuit court's order granting summary disposition, Docket No.
    93453, and the order and judgment of the Tax Tribunal grant-
    ing the department's motion to dismiss, Docket No. 96210. The
    appeals were consolidated by the Court of Appeals.

    The Court of Appeals held:

    1. There is no merit to Kostyu's arguments that he was
    deprived of procedural due process and that he should not have

REFERENCES
Am Jur 2d, State and Local Taxation §§ 589 et seq., 603 et seq.
See Index to Annotations under Income Tax; Taxes; Tax Evasion;
    Tax Returns.

the burden to disprove the estimated income computed by the department.

2. The issues raised in Kostyu's circuit court action are squarely within the Tax Tribunal's jurisdiction. The circuit court correctly ruled that it lacked subject matter jurisdiction.

3. The Tax Tribunal properly dismissed Kostyu's petition because he failed to present any evidence to prove the amount of his actual income, despite having the burden to do so.

4. The Tax Tribunal's rejection of Kostyu's challenge to the validity of the department's job outline JC-41090 on the grounds asserted by Kostyu was not error.

Affirmed.

1. TAXATION — CIRCUIT COURTS — CONSTITUTIONAL LAW — JURISDIC-
TION.

A circuit court has jurisdiction in matters of taxation to entertain constitutional issues concerning the validity of tax laws and may be called upon to provide equitable relief to enforce decisions of the Tax Tribunal; a circuit court has no jurisdiction to review income tax determinations issued by the Department of Treasury but such jurisdiction lies in either the Tax Tribu-nal or the Court of Claims, with the latter forum's jurisdiction contingent on the taxpayer's first paying the tax (MCL 205.22; MSA 7.657[22]).

2. TAXATION — TAX TRIBUNAL — JURISDICTION.

The Tax Tribunal may decide claims couched in constitutional terms that a tax assessment was arbitrary and without founda-tion.

3. TAXATION — TAX TRIBUNAL — DEPARTMENT OF TREASURY — AP-
PEAL.

The Tax Tribunal reviews de novo determinations of income tax liability made by the Department of Treasury (MCL 205.735[1]; MSA 7.650[35][1]).

4. TAXATION — TAX RECORDS.

A taxpayer has a statutory duty to maintain accurate records so as to make it possible to determine the amount of income tax due (MCL 206.408; MSA 7.557[1408]).

5. TAXATION — TAX TRIBUNAL — BURDEN OF PROOF.

The Tax Tribunal has authority to allocate the burden of proof in matters before it in a manner consistent with the overall scheme of the tax statutes; the tribunal may, in circumstances involving a taxpayer who fails to file a return or disclose information on the amount of his personal income, impose the

burden of proof on the taxpayer to come forward with positive proof of his income.

6. TAXATION — TAX TRIBUNAL — APPEAL.

The Court of Appeals review of a Tax Tribunal decision is limited to determining whether it was authorized by law and whether the factual findings were supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28).

7. TAXATION — TAX TRIBUNAL — DISMISSAL OF PETITION.

The Tax Tribunal is empowered to dismiss a petition because of a petitioner's noncompliance with a rule or order of the tribunal.

8. ADMINISTRATIVE LAW — TAXATION — DEPARTMENT OF TREASURY — JOB DESCRIPTIONS.

A job description by the Department of Treasury which tells a clerk how to estimate a taxpayer's tax when an income tax return is not filed is exempt from the rule-making process of the Administrative Procedures Act (MCL 24.207[j]; MSA 3.560[107][j]).

Donald R. Kostyu, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistant Attorneys General, for the Department of Treasury and the Michigan Tax Tribunal.

Before: DANHOF, C.J., and MACKENZIE and P. R. JOSLYN,* JJ.

PER CURIAM. In these consolidated appeals, Donald Kostyu appeals as of right from an order of the Ingham Circuit Court granting summary disposition under MCR 2.116(C)(4) in favor of the Department of Treasury and the Michigan Tax Tribunal. Kostyu also appeals as of right from an order and judgment of the Tax Tribunal granting a motion to dismiss made by the department. We affirm.

For tax years 1981 and 1982, Kostyu failed or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

refused to file his Michigan income tax returns. After requesting that Kostyu file his returns, and Kostyu's failure to do so, the department computed his 1981 and 1982 income tax liability pursuant to § 21 of the revenue act. MCL 205.21; MSA 7.657(21). The tax amount was based on employment-reported wages and withholdings, and an estimate of other income made pursuant to the department's internal job outline JC-41090. Kostyu was sent an assessment notice reflecting the department's intent to assess him for an income tax deficiency of $1,369.08, a penalty of $342.27, and cumulative interest.

On May 20, 1985, after an informal conference between the department and Kostyu, the department issued its decision and order of determination of final assessment. Kostyu appealed the final assessment to the Tax Tribunal. In his petition, Kostyu challenged the department's procedure for estimating his adjusted gross income and the number of exemptions for purposes of withholding taxes from his wages. Kostyu also challenged the lack of a "primary standard dollar" by which to "certify assessments" and averred that by means of a tax upon so-called "income" the department was, in fact, improperly taxing his "very time of life" as income.

Subsequent to filing the petition with the Tax Tribunal, Kostyu filed suit for a declaratory judgment against the Tax Tribunal and the department in Ingham Circuit Court. Kostyu asked that the department's job outline JC-41090 be declared invalid or unconstitutional because it: (1) was contrary to § 21 of the revenue act, MCL 205.21; MSA 7.657(21); (2) was not promulgated in accordance with the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*; and (3) deprived him of due process of law. On June 4,

1986, the circuit court granted a motion for summary disposition by the Tax Tribunal and the department based on a lack of subject matter jurisdiction and Kostyu's failure to exhaust his administrative remedies.

On June 25, 1986, a hearing was held before a hearing officer of the Tax Tribunal on Kostyu's petition challenging the department's final assessment for his 1981 and 1982 income tax liability. At the hearing, Kostyu presented no evidence that the wage information used by the department was in error or that he did not have income exceeding the amounts reported. Moreover, Kostyu chose not to testify on his own behalf or present any other proofs of his actual income. At the conclusion of Kostyu's case, the department moved for dismissal based on Kostyu's failure to produce any evidence of his actual income, despite having the burden to do so. The motion was granted and, on October 7, 1986, the Tax Tribunal issued its opinion and judgment adopting the hearing officer's decision.

On appeal, Kostyu contests both the circuit court and Tax Tribunal decisions and seeks a declaration that job outline JC-41090 and the final assessment on which it was based are invalid.

I

THE CIRCUIT COURT PROCEEDINGS

Before addressing Kostyu's claim that the circuit court erred in dismissing his complaint for lack of subject matter jurisdiction, a discussion on the distinction between the circuit court's and Tax Tribunal's jurisdiction and powers in income tax matters is in order.

Although the circuit court's jurisdiction and powers are broad, it is clear that the circuit court

lacks jurisdiction where prohibited by the laws of this state. *Wikman v Novi,* 413 Mich 617, 644-645; 322 NW2d 103 (1982). In matters of taxation, the circuit court continues to have jurisdiction to entertain constitutional issues concerning the validity of tax laws and may even be called upon to provide equitable relief to enforce decisions of the Tax Tribunal. *Sessa v State Tax Comm,* 134 Mich App 767, 771; 351 NW2d 863 (1984), lv den 422 Mich 919 (1985). However, the circuit court has no jurisdiction to review income tax determinations issued by the department. Under § 22 of the revenue act, MCL 205.22; MSA 7.657(22), such jurisdiction lies in either the Tax Tribunal or the Court of Claims, with the latter forum's jurisdiction contingent on the taxpayer's first paying the tax. Since an appeal from either forum is made directly to this Court, the circuit court never acquires jurisdiction over such determinations. MCL 205.22; MSA 7.657(22).

By contrast, the Tax Tribunal's jurisdiction and powers are defined by the Tax Tribunal Act, MCL 205.701 *et seq.;* MSA 7.650(1) *et seq.* The Tax Tribunal's jurisdiction is invoked by filing a proper petition. MCL 205.735(2); MSA 7.650(35)(2). Although the Tax Tribunal lacks equitable powers, it has broad statutory powers and is empowered to issue such "writs, orders, or directives which it deems necessary or appropriate in the process of disposition of a matter of which it may acquire jurisdiction." MCL 205.732(c); MSA 7.650(32)(c), and see *Federal-Mogul Corp v Dep't of Treasury,* 161 Mich App 346, 359; 411 NW2d 169 (1987). The Tax Tribunal is a "quasi-judicial agency" whose primary function is to find facts and review agency decisions within its jurisdiction, and which is designed to provide expertise in such matters efficiently. *Wikman, supra,* p 629. Moreover, the Tax

Tribunal may decide claims couched in constitutional terms that a tax assessment was arbitrary and without foundation. *Wikman, supra,* p 647; *Sessa, supra,* p 771.

While Kostyu, in the instant case, couched his complaint in the circuit court as one for declaratory judgment of purely legal issues, a review of the relief sought by Kostyu reveals that he sought much more than a declaration of his legal rights. In addition to seeking an order compelling the department to "expunge" job outline JC-41090, Kostyu sought a declaration (1) that the effect of JC-41090 was to deprive him of procedural due process by shifting the burden of proof to him in the Tax Tribunal to prove that he did not have the estimated income computed by the department, (2) that the final assessment issued by the department was invalid, and (3) that the Tax Tribunal should be ordered to dismiss the final assessment.

At the core of Kostyu's complaint was an assertion that the department employed a methodology in computing his tax liability under MCL 205.21; MSA 7.657(21) which was not authorized by law. Also at the core of his complaint was a claim that he was deprived of procedural due process as a result of the procedures employed by both the department and the Tax Tribunal, a claim which lacks merit in view of his opportunity to receive a de novo review of his income tax liability in the Tax Tribunal. See MCL 205.735(1); MSA 7.650(35)(1), and *Kostyu v Dep't of Treasury,* 147 Mich App 89, 92; 382 NW2d 739 (1985). Kostyu's claim that he should not have the burden to disprove the estimated income computed by the department is similarly without merit since Kostyu had a statutory duty to maintain accurate records so as to make it possible to determine the income tax due under § 408 of the Income Tax Act,

MCL 206.408; MSA 7.557(1408), and the Tax Tribunal has authority to allocate the burden of proof in a manner consistent with the legislative scheme. *Zenith Industrial Corp v Dep't of Treasury,* 130 Mich App 464; 343 NW2d 495 (1983). Although the revenue statute at issue here, MCL 205.21; MSA 7.657(21), does not state which party has the burden of proof, imposing the burden on the taxpayer is consistent with the overall scheme of the tax statutes and the Legislature's intent to give the department a means of basing an assessment on the best information available to it under the circumstances. See *Vomvolakis v Dep't of Treasury,* 145 Mich App 238; 377 NW2d 309 (1985), lv den 424 Mich 887 (1986). Where, as here, the circumstances involve a taxpayer who failed to file a return or disclose information on the amount of his personal income, imposing the burden of proof on the taxpayer to come forward with positive proof of his income, as distinguished from the negative burden of disproving the department's computation alleged by Kostyu, is particularly appropriate.

This Court is not bound by a party's choice of labels for his or her action because this would put form over substance. *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 378-379; 230 NW2d 440 (1975). A review of Kostyu's complaint in the circuit court reveals that the issues raised are squarely within the Tax Tribunal's jurisdiction and the Tax Tribunal can provide Kostyu with the procedural due process he seeks. Since Kostyu's claims involve the methodology employed by the department in arriving at a taxpayer's final income tax liability, the circuit court correctly ruled that it lacked subject matter jurisdiction. See *Eyde v Lansing Twp,* 105 Mich App 370; 306 NW2d 797 (1981), aff'd 420 Mich 287; 363 NW2d 277 (1984)

(addressing a similar issue as it pertained to the Tax Tribunal's exclusive jurisdiction in property tax matters).

## II

### THE TAX TRIBUNAL PROCEEDINGS

Our review of the Tax Tribunal's decision is limited to determining whether it was authorized by law and whether the factual findings were supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28; *Tulsa Oil Corp v Dep't of Treasury,* 159 Mich App 819, 823; 407 NW2d 85 (1987). Moreover, the Tax Tribunal's power to dismiss a petition for noncompliance with a rule or order of the Tax Tribunal is unquestioned. *Stevens v Bangor Twp,* 150 Mich App 756, 761; 389 NW2d 176 (1986), lv den 428 Mich 859 (1987).

Here, Kostyu contends that the Tax Tribunal erred by not declaring job outline JC-41090 invalid and by dismissing his petition, thereby having the effect of upholding the final assessment issued by the department. A review of the record reveals that the Tax Tribunal dismissed Kostyu's petition because he failed to present any evidence to prove the amount of his actual income, despite having the burden to do so. Since Kostyu failed to proceed with his case, the Tax Tribunal's order of dismissal was proper. See 1979 AC, R 205.1247.

Giving deference to the department's interpretation of MCL 205.21; MSA 7.657(21), *Tulsa Oil Corp, supra,* p 824, we also find no error in the Tax Tribunal's rejection of Kostyu's challenge to the validity of job outline JC-41090 on the grounds asserted by Kostyu. JC-41090 is merely a job description which tells a clerk how to estimate a taxpayer's tax when an income tax return is not

filed. We agree with the department's assertion that the job description is exempt from the rule-making process of the Administrative Procedures Act. MCL 24.207(j); MSA 3.560(107)(j), and see *Hinderer v Dep't of Social Services,* 95 Mich App 716; 291 NW2d 672 (1980), lv den 409 Mich 930 (1980). Moreover, the estimation occurs in an early stage in the assessment process, thereby preserving the taxpayer's due process rights by providing the taxpayer with an opportunity to come forward with the records on actual income required by MCL 206.408; MSA 7.557(1408) on an informal basis in the department or, upon a final assessment being issued, to challenge the final assessment in the Tax Tribunal or Court of Claims.

Affirmed.