JOHNSTON v CITY OF LIVONIA

Docket No. 105118. Submitted February 14, 1989, at Detroit. Decided May 15, 1989.

Alex and Mary Bellovary owned three contiguous parcels of land in the City of Livonia and in 1978 they mortgaged all three parcels in favor of B. F. Goodrich Company, which recorded its mortgage interest on only one parcel. In 1980 the Bellovarys further mortgaged the parcels in favor of Armstrong Rubber Company, Inc., which recorded its mortgage interest on all three parcels. In 1982 B. F. Goodrich foreclosed on its mortgage and obtained a deed to the parcel on which it had recorded its interest. In 1983 Armstrong Rubber foreclosed on its mortgage and obtained deeds to the other two parcels. In 1985 Jeannie Johnston purchased the B. F. Goodrich parcel on a land contract which obligated her to pay all taxes and assessments levied against the parcel. The City of Livonia from 1982 had assessed and collected property taxes from B. F. Goodrich on the parcel that it owned and one of the other parcels. Johnston made, but the City of Livonia denied, a request to have the assessment apportioned so that she need only pay taxes on the parcel she purchased. Johnston then brought an action in Wayne Circuit Court against the City of Livonia, the Livonia city attorney, the Livonia tax assessor and Armstrong Rubber. Against the city and its officials, plaintiff claimed that their refusal to apportion the assessment was in violation of the property tax act and deprived her of her constitutional right to due process of law. The trial court, Thomas J. Foley, J., granted summary disposition in favor of the city and its officials, ruling that it lacked subject-matter jurisdiction since plaintiff's claims against these defendants are within the exclusive and original jurisdiction of the Tax Tribunal. Plaintiff appealed.

The Court of Appeals *held:*

The Tax Tribunal has exclusive and original jurisdiction over proceedings for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment,

REFERENCES

Am Jur 2d, State and Local Taxation §§ 799 *et seq.*
See the Index to Annotations under Taxes.

valuation, rates, special assessments, allocation, or equalization under the property tax laws and proceedings for refund or redetermination of a tax under the property tax laws. Here, the essence of plaintiff's claims against the city and its officials relate to the propriety of the assessment on her parcel. Plaintiff's claims against the city and its officials are within the Tax Tribunal's exclusive jurisdiction.

Affirmed.

TAXATION — PROPERTY TAX ASSESSMENTS — TAX TRIBUNAL.

The Tax Tribunal has exclusive and original jurisdiction over proceedings for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization under the property tax laws and proceedings for refund or redetermination of a tax under the property tax laws (MCL 205.731; MSA 7.650[31]).

*Hyman, Gurwin, Nachman, Gold & Alterman* (by *J. Leonard Hyman* and *Mark J. Bereyso*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe*), for defendants City of Livonia, Mardiros and Tatigian.

Before: SAWYER, P.J., and MAHER and BRENNAN, JJ.

PER CURIAM. Plaintiff appeals from an order of the Wayne Circuit Court granting summary disposition, under MCR 2.116(C)(4) (lack of subject-matter jurisdiction), in favor of defendants City of Livonia, Ronald Mardiros, and Harold Tatigian. The judgment was certified as a final order pursuant to MCR 2.604. We affirm.

This dispute concerns three contiguous parcels of land located in the City of Livonia, which we shall refer to as parcels A, B, and C. All three parcels were originally acquired by Alex and Mary Bellovary, who had purchased parcel A on land contract in 1972 and had received the deed to that

parcel in 1979, and acquired title to parcels B and C in 1975.

On March 17, 1978, the Bellovarys executed a first mortgage on all three parcels in favor of B. F. Goodrich Company. B. F. Goodrich recorded its mortgage interest in parcel A, but failed to effectively record its interests in parcels B and C. Subsequently, on January 29, 1980, the Bellovarys executed mortgages on parcels A, B, and C in favor of defendant Armstrong Rubber Company, Inc. Armstrong recorded all three mortgages.

In the tax year 1973, defendant City of Livonia combined parcels A and B for assessment purposes and began treating the two parcels as one taxable unit.

In 1982, B. F. Goodrich foreclosed on the mortgage over parcel A and was granted a judicial deed to the property on March 25, 1982. In 1983, defendant Armstrong Rubber commenced foreclosure proceedings on its mortgages and was granted judicial deeds to parcels B and C on May 13, 1983. In the meantime, however, from 1982 to 1985, defendant City of Livonia continued to assess and collect property taxes on parcels A and B from B. F. Goodrich despite the separate ownership of the two parcels.

On June 25, 1985, plaintiff purchased parcel A from B. F. Goodrich on a land contract basis. The terms of the contract obligated plaintiff to pay all taxes and assessments levied against the property. In November, 1985, plaintiff and B. F. Goodrich requested that the Wayne County Treasurer's office divide the property for tax purposes and were told that proper papers had been submitted to defendant city for a partition of the properties and separate tax assessments on each parcel. Some time in late 1985 or 1986, at a meeting of the interested parties called by the ordinance enforce-

ment officer of Livonia's planning department, defendant Tatigian, the Livonia City Attorney, stated that the city would not partition the property, grant a variance to defendant Armstrong Rubber for parcel B, or grant plaintiff a building permit for parcel A. Under protest, plaintiff paid the taxes as assessed by defendant city to avoid defaulting on the land contract or losing the land for delinquent taxes. In May, 1987, plaintiff demanded that defendant Mardiros, the tax assessor for defendant city, partition the property and separate the appraisals for parcels A and B. Defendant Mardiros refused, stating that it was not defendant city's policy to separate combined parcels.

On June 15, 1987, B. F. Goodrich's successor in interest, Uniroyal Goodrich Tire Company, assigned plaintiff its cause of action to recover the portion of the taxes it had erroneously paid on parcel B from 1982 to 1985.

On August 17, 1987, plaintiff filed the instant action in Wayne Circuit Court naming the City of Livonia, city assessor Mardiros, city attorney Tatigian, and Armstrong Rubber Company as defendants. Plaintiff alleged that defendant city's refusal to partition the property assessment was arbitrary and capricious, without due process of law, and a violation of MCL 211.53; MSA 7.97. Furthermore, plaintiff alleged a violation of her Fourteenth Amendment right to due process of law resulting in irreparable damage from the interference with her use and enjoyment of the property caused by defendant city's refusal to partition the assessment. Plaintiff further sought damages for alleged breach by the city assessor and the city attorney of their statutory duty to divide the parcels for assessment. Last, plaintiff alleged claims of unjust enrichment and assumpsit for taxes erroneously paid under MCL 211.381;

MSA 7.771, against defendant Armstrong Rubber. Plaintiff sought damages, a permanent injunction against joint assessment of parcels A and B, and separate assessments for parcels A and B.

Plaintiff appeals from the grant of summary disposition in favor of defendants City of Livonia, Mardiros, and Tatigian on the grounds of lack of subject-matter jurisdiction. Defendant Armstrong Rubber is not a party to this appeal.

The issue for our consideration is whether the trial court correctly concluded that it lacked subject-matter jurisdiction over plaintiff's complaint because plaintiff's claims fell within the scope of the exclusive jurisdiction of the Tax Tribunal set forth in MCL 205.731; MSA 7.650(31). For the reasons discussed below, we hold that the trial court correctly concluded that it lacked jurisdiction over the subject matter.

The jurisdiction of the Tax Tribunal is set forth in MCL 205.731; MSA 7.650(31), which provides as follows:

> The tribunal's exclusive and original jurisdiction shall be:
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.
> (b) A proceeding for refund or redetermination of a tax under the property tax laws.

Although the jurisdiction and powers of the circuit court are broad, the circuit court clearly lacks jurisdiction when preempted by the laws of this state. *Wikman v Novi,* 413 Mich 617, 644-645; 322 NW2d 103 (1982). In taxation matters, the circuit court retains jurisdiction to consider certain constitutional issues concerning the validity

of tax laws. Moreover, it may grant equitable relief to enforce decisions of the Tax Tribunal. *Kostyu v Dep't of Treasury,* 170 Mich App 123, 128; 427 NW2d 566 (1988); *Sessa v State Tax Comm,* 134 Mich App 767, 771; 351 NW2d 863 (1984).

By contrast, the Tax Tribunal's jurisdiction and powers are defined by the Tax Tribunal Act, MCL 205.701 *et seq.*; MSA 7.650(1) *et seq.* Although the Tax Tribunal lacks equitable powers, it has broad statutory powers and is authorized to grant such relief or issue such "writs, orders, or directives which it deems necessary or appropriate in the process of disposition of a matter of which it may acquire jurisdiction." MCL 205.732(c); MSA 7.650(32)(c). The tribunal is a quasi-judicial agency, the primary function of which is to find facts and review agency decisions within its jurisdiction. It is designed to promptly, fairly, and efficiently provide expert resolution of such matters. *Wikman, supra* at 626, 629; *Kostyu, supra* at 128. The expertise of the tribunal relates primarily to questions concerning the "factual underpinnings" of taxes. The tribunal is well qualified to resolve disputes concerning those matters the Legislature has placed within its jurisdiction. *Romulus City Treasurer v Wayne Co Drain Comm'r,* 413 Mich 728, 737; 322 NW2d 152 (1982). Although the tribunal's determinations involve conclusions of law, the matters within its jurisdiction under MCL 205.731; MSA 7.650(31) most clearly relate to the bases for taxes and questions concerning the lawfulness of those bases. *Id.* at 738.

The Tax Tribunal's jurisdiction is based either on the subject matter of the proceeding (a direct review of a final agency decision relating to assessment, valuation, rates, special assessments, allocation, or equalization under the property laws) or

the type of relief requested (a refund or redetermination of a tax under the property tax laws). *Wikman, supra* at 631.

In her complaint, plaintiff alleged three counts against defendant city and its assessor and attorney. Count I alleged that defendants' refusal to partition parcels A and B for separate tax assessments, despite their actual knowledge of separate ownership of each parcel, was arbitrary and capricious, without due process of law, and contrary to MCL 211.53; MSA 7.97. Plaintiff alleged that she would suffer irreparable harm if the parcels were not partitioned, having already been forced to sell other property to pay the taxes on both parcels A and B, when she only owns parcel A.

Count II alleges that plaintiff was deprived of the use and enjoyment of her property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Const 1963, art 1, § 17 by defendant's arbitrary, capricious, baseless, intentional and malicious refusal pursuant to policy and custom of defendant city to partition parcels A and B and assess plaintiff only for taxes on the parcels she owns. Plaintiff contends that defendants' actions have deprived her of her rights, privileges, and immunities granted by the federal and state constitutions and the laws of this state.

Count III sets forth allegations that defendants Tatigian and Mardiros, as city attorney and assessor, respectively, did or should have reasonably foreseen that plaintiff, as the owner of parcel A, would suffer damages unless parcels A and B were partitioned and separately assessed for taxation. Plaintiff contended that their refusal to partition the parcels was a breach of their statutory duty and was a proximate cause of her damages.

The above claims, in our opinion, fall squarely

within the scope of the Tax Tribunal's jurisdiction. The tribunal may decide claims framed in constitutional terms alleging that a tax assessment was arbitrary and capricious and without foundation. *Wikman, supra* at 647; *Kostyu, supra* at 128-129. A review of plaintiff's complaint shows that this is the essence of her claims against the city defendants. Plaintiff complains that their refusal to partition and separately assess parcels A and B, so that she would only be required to pay the taxes on the parcel she owned, was arbitrary, capricious, and without foundation. Furthermore, plaintiff alleges that defendants' actions were contrary to MCL 211.53; MSA 7.97, which sets forth the process by which the owner of an undivided interest in property may pay the taxes upon only the portion owned.

In *Kostyu, supra,* this Court held that the core of the taxpayer's complaint, which sought a declaratory judgment of purely legal rights, was an assertion that the method used by the Treasury Department to compute his income tax was not authorized by law and that the procedures used by both the department and the Tax Tribunal deprived him of his rights to due process. This Court held that the circuit court had correctly ruled that it lacked subject-matter jurisdiction because the plaintiff's claims involving the computation methods were clearly within the scope of the tribunal's jurisdiction. This Court further held that the due process claim was without merit because he had had an opportunity for, but failed to seek, de novo review of the department's actions before the Tax Tribunal. *Id.* at 129-130.

Similarly, in the present case, it is clear that any claim alleged by plaintiff that defendants failed to follow a statutory procedure for assessment falls within the scope of the tribunal's juris-

diction as set forth in MCL 205.731; MSA 7.650(31) and should have been brought in that forum. The mere fact that plaintiff chose to frame her claims in terms of a deprivation of a constitutional right to due process of law does not alter this conclusion because the Tax Tribunal can provide plaintiff with the procedural due process she seeks. Simply put, this Court is not bound by plaintiff's choice of labels for her action because this would exalt form over substance. *Kostyu, supra* at 130.

In brief, plaintiff is not challenging the use of her taxes or the constitutional validity of the authorizing statute. Rather, plaintiff challenges the validity of the assessment she receives each year which includes an assessment of property she does not own. This we believe involves a factual determination of the accuracy of the assessment and the method of assessing plaintiff's property. As such, it comes within the jurisdiction of the Tax Tribunal. More simply put, while the circuit court has been recognized to have jurisdiction over purely constitutional claims affecting taxation, the mere fact that a particular issue might be framed in constitutional terms does not grant jurisdiction to the circuit court to the exclusion of the Tax Tribunal. If this were the case, virtually every matter submitted to the Tax Tribunal could find its way to circuit court since any inaccurate or improper assessment of a tax could be said to violate the taxpayer's constitutional rights as a taking without due process. Rather, what must be recognized is that the Tax Tribunal has original and exclusive jurisdiction over those tax issues which involve the accuracy and methodology of the property tax assessment. Such issues are involved in the case at bar.

For the above reasons, we conclude that the trial court correctly ruled that it lacked jurisdiction over the subject matter.

Affirmed.