HAWKINS v STATE TREASURER

Docket No. 133981. Submitted December 10, 1992, at Detroit. Decided April 26, 1993; approved for publication June 25, 1993, at 9:20 A.M.

Robert L. and Pamela G. Hawkins brought an action in the Oakland Circuit Court against the State Treasurer and the Department of Treasury, challenging jeopardy assessments for unpaid income, sales, and single business taxes. The action was preceded by a narcotics prosecution in federal district court against Robert Hawkins and a drug forfeiture action in the Wayne Circuit Court against the Hawkinses. The Oakland Circuit Court, Edward Sosnick, J., granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court properly relied on *Craig v Detroit Police Dep't,* 397 Mich 185 (1976), as authority for its decision to grant summary disposition in the absence of any question concerning the constitutional validity of the search of the plaintiffs' home. That search had been determined valid on appeal of the drug forfeiture action.

2. The correctness of the amount of the assessments or the propriety of the joint levy against the plaintiffs can be addressed in the Tax Tribunal. These questions are not within the scope of a circuit court's limited jurisdiction over challenges to jeopardy assessments.

3. The trial court did not err in ruling that collateral estoppel barred Pamela Hawkins from challenging the constitutional validity of the search of the home. The trial court was required by the doctrine of law of the case to make that ruling because it had been decided on appeal of the drug forfeiture action that Pamela Hawkins was collaterally estopped from challenging the validity of the search.

Affirmed.

REFERENCES
Am Jur 2d, State and Local Taxation § 603.
See ALR Index under Jurisdiction; Taxes.

TAXATION — JEOPARDY ASSESSMENTS — CHALLENGES IN CIRCUIT COURT.

The jurisdiction of a circuit court over a challenge to a jeopardy assessment is limited to determining whether irreparable injury exists and whether the assessment has a basis in fact.

*Richard M. Lustig,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *E. David Brockman* and *Howard E. Goldberg,* Assistant Attorneys General, for the defendants.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an August 17, 1990, order granting defendants' motion for summary disposition. We affirm.

Plaintiffs first claim that the circuit court erred in relying solely on *Craig v Detroit Police Dep't,* 397 Mich 185; 243 NW2d 236 (1976), as authority for its decision to grant summary disposition, because in this case there existed a question regarding the constitutional validity of the search of their home. We disagree. Contrary to plaintiffs' arguments, at the time that the court decided to grant summary disposition, the question concerning the search of plaintiffs' home had already been adjudicated, adversely to plaintiffs, in a related forfeiture action. See *In re Forfeiture of $1,159,420,* 194 Mich App 134; 486 NW2d 326 (1992). Accordingly, we find that the circuit court properly relied on *Craig, supra,* as the basis for its decision to grant summary disposition.

Plaintiffs next contend that the circuit court erred in granting summary disposition before determining whether the assessments issued by de-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

fendants were correct. Plaintiffs argue that defendants' assessments were arbitrary and intentionally excessive. Plaintiffs also claim that the joint assessment of the tax deficiency against Pamela Hawkins was improper. A circuit court's jurisdiction over challenges to jeopardy assessments is limited to determining whether irreparable injury exists and whether the assessments have a basis in fact. *Craig, supra.* An affirmative finding on either issue will result in the dismissal of a plaintiff's suit. *Id.* In the case at bar, we agree with the circuit court that plaintiffs have an adequate remedy in the Tax Tribunal. See *Kostyu v Treasury Dep't,* 170 Mich App 123; 427 NW2d 566 (1988). Accordingly, we conclude that the decision to grant summary disposition to defendant was appropriate.

Plaintiffs finally assert that the circuit court erred in employing the doctrine of collateral estoppel to prevent Pamela Hawkins from challenging the constitutional validity of the search of their home. Pursuant to the doctrine of law of the case, a ruling by an appellate court on a legal question binds the appellate court and all lower tribunals. *Poirier v Grand Blanc Twp (After Remand),* 192 Mich App 539, 546; 481 NW2d 762 (1992). This Court in *In re Forfeiture of $1,159,420, supra,* has already held that it was proper for the circuit court to apply the doctrine of collateral estoppel to prevent Pamela Hawkins from litigating this issue. *Id.* at 145-146. Furthermore, even though Pamela Hawkins was not a party to the federal action, she was a named party in the previous Michigan case that resulted in our decision in *In re Forfeiture of $1,159,420.* Therefore, we are bound by this earlier decision and will not deviate from this Court's prior published opinion.

Affirmed.