# STATE OF MICHIGAN

# COURT OF APPEALS

DOREEN ROTT,

        Plaintiff-Appellee,

v

ARTHUR ROTT,

        Defendant-Appellant.

UNPUBLISHED
December 18, 2018

No. 336240
Oakland Circuit Court
LC No. 2015-148771-NO

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

Defendant, Arthur Rott, appeals by leave granted[1] the order, granting in part and denying in part, his motion for summary disposition in this premises liability and negligence action. On appeal, defendant argues that plaintiff, Doreen Rott, cannot sustain a claim for gross negligence or wanton and willful misconduct because she failed to make such allegations in her complaint. Furthermore, defendant claims the trial court erred when it concluded there were genuine issues of material fact as to whether defendant acted with gross negligence or engaged in wanton and willful misconduct. We reverse the trial court's order and remand for entry of an order granting summary disposition for defendant.

Plaintiff sustained an injury to her knee after riding defendant's self-installed zip line in his backyard. Plaintiff is defendant's sister, and before the incident, she would visit defendant's home several times a month. Defendant and his neighbor, Gary Kukulka, installed the zip line on defendant's property about a year before the incident; subsequently, defendant repeatedly asked plaintiff to ride the zip line, but she declined because she was "not comfortable" doing so.

On the day of the incident, plaintiff attended a dinner party at defendant's residence. While plaintiff was there, she watched several people ride the zip line and, after some "prodding," plaintiff decided to ride it. Defendant helped plaintiff put on the zip line harness and attach to the zip line, and Kukulka was at the bottom of the hill to detach her from the zip line. As plaintiff traversed down the zip line, she thought that her feet were too close to the ground as

---

[1] *Rott v Rott*, unpublished order of the Court of Appeals, entered May 4, 2017 (Docket No. 336240).

she approached the end. While still in motion, plaintiff believed "the ride was over" so she put her legs down to make contact with the ground, which caused the injury at issue. Plaintiff suffered two meniscal tears in her left knee, which required restorative surgery.

In August 2015, she filed a complaint against defendant, claiming negligence and premises liability. At the close of discovery, defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), claiming the Recreational Land Use Act (RUA), MCL 324.73301, precluded liability. He also argued that the danger at issue was open and obvious such that he was under no obligation to warn plaintiff of the dangerous condition. The trial court held a hearing and concluded that a premises liability claim could not be sustained because the action fell under the purview of the RUA. Instead, the question turned on whether defendant's installation of the zip line constituted gross negligence. The trial court determined there were genuine issues of material fact and denied defendant's motion for summary disposition. This appeal followed.

We review a trial court's grant or denial of summary disposition de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Defendant brought the motion for summary disposition under MCR 2.116(C)(8) and (C)(10). The trial court denied defendant's motion pursuant to both court rules.

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint," and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable" to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999); *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). Summary disposition is appropriate only when the claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade*, 439 Mich at 163.

"A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5)." *Maiden*, 461 Mich at 120. "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

The trial court found that the RUA applied to the facts of the case. The RUA states, in relevant part:

(1) Except as otherwise provided in this section, a cause of action does not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land *unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner*, tenant, or lessee. [Emphasis added.]

Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Maiden*, 461 Mich at 122. "Evidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Id*. at 122-123. Wanton and willful misconduct has been described as:

[C]onduct that is *either* wilful—i.e., intentional, or its effective equivalent. [W]illful and wanton misconduct is made out only if the conduct alleged shows an intent to harm *or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does*. [*Jennings v Southwood*, 446 Mich 125, 140; 521 NW2d 230 (1994) (quotation marks and citation omitted).]

A three-part test is used to determine if conduct is wanton and willful:

(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [*Id*. at 137 (quotation marks and citation omitted).]

## I. MCR 2.116(C)(8)

Defendant contends that because the RUA requires either gross negligence or wanton and willful misconduct to sustain liability, and because plaintiff's complaint failed to explicitly allege this conduct, summary disposition was proper under MCR 2.116(C)(8) based on the pleadings alone. We disagree.

"A trial court is not bound by what litigants choose to label their complaint or motion 'because this would exalt form over substance.' " *Lieberman v Orr*, 319 Mich App 68, 77 n 4; 900 NW2d 130 (2017), quoting *Johnston v Livonia*, 177 Mich App 200, 208; 441 NW2d 41 (1989). Rather, "courts must consider the gravamen of the complaint or motion based on a reading of the document as a whole." *Id*. When drafting a complaint, a plaintiff "must provide sufficient facts . . . to give the defendant notice of the claims against which he or she must defend[.]" *Kincaid v Cardwell*, 300 Mich App 513, 529; 834 NW2d 122 (2013), citing MCR 2.111(B)(1).

Plaintiff's complaint alleged two distinct causes of action: negligence and premises liability. Under the negligence claim, plaintiff contended that defendant (1) improperly installed the zip line too low such that the riders could strike the ground, (2) failed to train and supervise on the proper use, operation, and maintenance of the zip line, (3) incorrectly assured her that the zip line was safe, and (4) failed to correct known hazards. Although plaintiff did not specify whether the claim was for ordinary negligence or gross negligence, defendant raised the issue of immunity under the RUA and claimed that plaintiff could not prove gross negligence. At the motion hearing, the trial court recognized that the complaint did not explicitly allege that defendant was grossly negligent or that his behavior was wanton and willful; however, it did conclude that the allegations, as presented in the complaint, were sufficient to "allege[] as a whole that the defendant was grossly negligent or engaged in wilful and wanton misconduct."

-3-

Clearly, the parties were under the impression that plaintiff's claim sounded in gross negligence, and the trial court ruled accordingly.

Taking the allegations as true and making reasonable inferences from the complaint, we are unable to conclude that no factual development could possibly justify recovery. See *Wade*, 439 Mich at 163. Thus, the complaint contained sufficient facts to put defendants on notice of a claim for gross negligence and wanton and willful misconduct. Limiting the analysis only to the pleadings, and in light of the three-part test for wanton and willful conduct, it was conceivable that plaintiff might establish that defendant engaged in gross negligence or wanton and willful misconduct, if given the opportunity to plead additional factual development. First, it is reasonable to infer that defendant presumably knew he needed to exercise care given the danger of a zip line, considering that the zip line was meant to traverse a rider in the air using only a wire and should be installed in such a manner as to avoid causing the rider to make contact with the ground while in motion. Second, it is reasonable to infer that defendant had the ability to avoid the danger, either by not allowing guests to ride the zip line, raising the zip line to an appropriate level, or instructing the riders to lift their feet during the ride. Lastly, because plaintiff was injured, it is reasonable to infer that defendant failed to take the reasonable actions that would have prevented plaintiff's injuries. Because plaintiff pleaded facts sufficient to put defendant on notice of a possible claim for gross negligence, defendant's argument is without merit.

## II. MCR 2.116(C)(10)

Defendant further contends that, considering the affidavits and other record evidence, no question of material fact exists as to whether he was grossly negligent or engaged in wanton and willful misconduct. We agree.

First and foremost, the RUA is a "liability-limiting" act, eliminating liability for negligence related to recreational activities. See *Ballard v Ypsilanti Twp*, 457 Mich 564, 577-578; 577 NW2d 890 (1998). Plaintiff accepted the inherent risk associated with riding a self-installed zip line on her brother's property. Absent gross negligence or willful and wanton misconduct on the part of defendant, plaintiff cannot recover for damages resulting from the zip line.

Reviewing the record, nothing indicates that defendant acted with the intent to injure plaintiff. See *Jennings*, 446 Mich at 139-140. In fact, the record demonstrated defendant's intent to make the zip line system safe. Defendant testified that he diligently researched zip line systems prior to purchasing one appropriate for his yard. After defendant purchased the zip line in 2013, he and Kukulka, who is a mechanic, installed the zip line according to the supplied instructions. In addition, defendant used a laser beam level to determine the correct pitch. Defendant purchased an additional apparatus to prevent damage to the anchoring tree at the bottom of the hill. In order to safely accommodate the zip line, defendant expanded his deck to serve as its origin point. For this project, defendant hired a licensed contractor, obtained a permit for the modification, and used construction materials in excess of what was legally required, such that the deck was so strong that it was "hurricane proof."

Defendant explained that the zip line originally came with one bungee cord to assist with stopping riders at the end, but he enhanced the system about 30 days after the original installation with two additional bungee cords and two 30-inch compression strings for added safety. After installing the zip line, defendant tested it by attaching a 225-pound bag to the line and tested the line repeatedly. Defendant further testified that he inspected the zip line every time that he was going to operate it. Defendant stated that he explained to plaintiff, as he does with all riders, about the automatic braking system. Defendant explained that he would get riders safely harnessed onto the zip line and Kukulka would be at the bottom to help remove the riders. Defendant testified that no other person had been hurt by placing their feet down on the ground while the ride was in motion.

There was only minimal evidence to support plaintiff's position that defendant acted with gross negligence. Defendant admitted that one rider rode the zip line barefoot and sustained a splinter from making contact with a tree. Also, Kukulka went down the zip line before the bungee cord brake system was installed, which caused him to strike the bottom tree with his foot, though he did not sustain an injury. Evidence also shows that defendant was aware that the zip line was close enough to the ground that at a certain point near the end of the zip line's path the ground was "uneven" and "if you try and put your feet down and touch the ground, you can." Both defendant and plaintiff testified that defendant did not advise plaintiff to lift her legs at the low area. Defendant, however, believed that "it's an automatic response to keep your feet up" while riding a zip line. In fact, the record demonstrates that both parties' were generally aware of the dangers associated with the zip line. Plaintiff testified that before she went on the zip line, she saw several riders lift their feet up above the low area. No other riders had informed defendant that they had been injured or that the zip line was too low.

For the above reasons, we are unable to identify conduct that was so reckless as to demonstrate a substantial lack of concern for whether an injury results. Defendant spent considerable time planning, installing, enhancing, and operating the zip line. While defendant did not instruct plaintiff specifically on how to avoid the low area, it is reasonable to expect that plaintiff would have lifted her "knees up a little bit" to avoid the ground, just as she had seen other riders do.

For the same reasons, defendant did not engage in wanton and willful misconduct as he clearly did not intend plaintiff's injury; furthermore, his conduct did not demonstrate such an indifference to whether harm would result as to be the equivalent of a willingness that it does. See *Jennings*, 446 Mich at 140. Certainly, defendant was aware of the general danger associated with the zip line, as evidenced by the meticulous planning and maintaining of the system, as well as the fact that he had some riders sign waivers before riding. However, defendant was unaware of anyone being injured on the zip line and had no reason to suspect the low area of the zip line would cause injury. Nothing from the facts make it apparent that the lower clearance would likely prove disastrous to plaintiff. See *id*. at 137. At the very most, an argument could be made that defendant was ordinarily negligent in the installation and operation of the zip line, as well as the lack of warnings to riders, but ordinary negligence is insufficient to create a material question of fact as to whether the RUA's exception applies. See *Maiden*, 461 Mich at 122-123; MCL 324.73301. The trial court erred when it did not grant defendant's motion for summary disposition under MCR 2.116(C)(10).

Reversed and remanded for entry of an order granting summary disposition for defendant. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron