*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

D RICHARD MILLER,

      Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

      Respondent-Appellee.

UNPUBLISHED
December 29, 2022

No. 359113
Tax Tribunal
LC No. 20-004666

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Petitioner appeals as of right the Michigan Tax Tribunal's ("MTT") order denying petitioner's claims for a Homestead Property Tax Credit ("HPTC"). Because petitioner failed to offer sufficient proof that he was entitled to the credit, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case involves petitioner's HPTC claims in tax years 2017 and 2018. In tax year 2017, petitioner filed his Individual Income Tax Return and an HPTC claim for his home. He also claimed a credit forward adjustment from tax year 2016. Respondent sent petitioner a notice reducing the credit forward and denying the HPTC. Petitioner filed his 2018 Individual Income Tax Return, including an HPTC claim on another home. Again, he claimed a credit forward from tax year 2017. Respondent sent petitioner a notice reducing both the credit forward and HPTC. Petitioner requested an informal conference with respondent's hearings division, after which respondent upheld its decisions. Petitioner appealed to the MTT. The MTT concluded petitioner was entitled to $0 HPTC in tax years 2017 and 2018. This appeal followed.

## II. ENTITLEMENT TO HPTC

Petitioner argues the MTT erred in calculating $0 HPTC for tax years 2017 and 2018, respectively. We disagree.

## A. STANDARD OF REVIEW

This Court's review of a decision by the MTT is limited. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). "All factual findings are final if supported by competent and substantial evidence." *Id*. (citation omitted). "Absent an allegation of fraud, this Court reviews a Tax Tribunal decision for misapplication of the law or adoption of a wrong legal principle." *Kelly Servs, Inc v Treasury Dep't*, 296 Mich App 306, 311; 818 NW2d 482 (2012).

This case also involves questions of statutory interpretation, which are reviewed de novo. *Campbell v Dep't of Treasury*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 161254); slip op at 4.

> When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. If the language of a statute is unambiguous, we presume the Legislature intended the meaning expressed in the statute. A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning[.] When construing a statute, we must assign every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law. [*Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 458; 965 NW2d 232 (2020) (citation omitted).]

## B. LAW AND ANALYSIS

The Michigan Income Tax Act, MCL 206.1 *et seq.* (MITA), contains provisions for an HPTC, which allow an individual taxpayer to reduce their overall tax liability by claiming a credit against the taxes levied on the taxpayer's homestead. Under the MITA, a taxpayer may:

> [C]laim against the tax due under this part for the tax year a credit for the property taxes on the taxpayer's homestead deductible for federal income tax purposes pursuant to section 164 of the internal revenue code, or that would have been deductible if the claimant had not elected the zero bracket amount or if the claimant had been subject to the federal income tax. The property taxes used for the credit computation shall not be greater than the amount levied for 1 tax year. An owner is not eligible for a credit under this section if the taxable value of his or her homestead excluding the portion of a parcel of real property that is unoccupied and classified as agricultural for ad valorem tax purposes in the year for which the credit is claimed is greater than $135,000.00 through the 2021 tax year . . . . [MCL 206.520(1).]

MCL 206.522(1)(c) describes how an HPTC is calculated:

> A claimant who is a senior citizen with total household resources of $21,000.00 or less . . . is entitled to a credit against the state income tax liability for the amount by which the property taxes on the homestead, the credit for rental of the homestead, or a service charge in lieu of ad valorem taxes as provided by section 15a of the state housing development authority act of 1966, 1966 PA 346, MCL

125.1415a, for the tax year exceeds the percentage of the claimant's total household resources for that tax year computed as follows:

| Total household resources | Percentage |
|---|---|
| Not over $3,000.00 | .0% |
| Over $3,000.00 but not over $4,000.00 | 1.0% |
| Over $4,000.00 but not over $5,000.00 | 2.0% |
| Over $5,000.00 but not over $6,000.00 | 3.0% |
| Over $6,000.00 for tax years before the 2018 tax year | 3.5% |
| Over $6,000.00 for tax years after the 2017 tax year | 3.2% |

A "senior citizen" is "an individual . . . who is 65 years of age or older at the close of the tax year." MCL 206.514(1). The term "property taxes" is defined as: "[G]eneral ad valorem taxes due and payable, levied on a homestead within this state . . . ." MCL 206.512a. Total household resources ("THR") means "all income received by all persons of a household in a tax year while members of a household . . . ." MCL 206.508(4). And, "income" is "the sum of federal adjusted gross income as defined in the internal revenue code plus all income specifically excluded or exempt from the computations of the federal adjusted gross income." MCL 206.510(1).

MCL 206.530(1) states: "The department may require reasonable proof from the claimant in support of rent paid, property taxes paid, total household resources, size and nature of the property claimed as a homestead, or any other information required for the administration of this chapter." See also *Kostyu v Dep't of Treasury*, 170 Mich App 123, 130; 427 NW2d 566 (1988) ("[I]mposing the burden on the taxpayer is consistent with the overall scheme of the tax statutes and the Legislature's intent to give the Department a means of basing an assessment on the best information available to it under the circumstances."). In plain terms, taxpayers may qualify for an HPTC if they satisfy the criteria described, and the Department of Treasury may require the taxpayer to specifically demonstrate proof of entitlement.

If a taxpayer disputes the Department of Treasury's calculation of an HPTC, the taxpayer may seek an appeal to the MTT, which operates as a "quasi-judicial agency." *Kostyu*, 170 Mich App at 128. (citation omitted.) "A proceeding before the [MTT] is original and independent and is considered de novo." MCL 205.735a(2). "The term 'de novo' contemplates the taking of new evidence and the presentation of new testimony." *Spranger v City of Warren*, 308 Mich App 477, 485 n 4; 865 NW2d 52 (2014). This means the MTT "must make its own independent determination of whether the taxpayer is entitled to the requested exemption." *Id*.

The question in this case is whether petitioner offered sufficient proof to the MTT demonstrating his entitlement to an HPTC in 2017 and 2018. The MTT concluded petitioner offered no proof showing entitlement to HPTC during the relevant tax years. In the absence of any proof, the MTT was unable to calculate petitioner's HPTC at anything other than $0.

Again, the MTT independently reviews whether a taxpayer is entitled to an HPTC. MCL 205.735a(2). The taxpayer has the burden of presenting evidence that they meet the criteria for an HPTC. MCL 206.530(1). In reviewing petitioner's appeal, the MTT considered several exhibits provided by petitioner, including correspondence from petitioner to respondent and the MTT, petitioner's 2017 HPTC claim, and respondent's informal conference recommendation.

The MTT did not err by concluding that petitioner was not entitled to an HPTC for the relevant tax years. Petitioner did not demonstrate that he is a "senior citizen" because he did not provide MTT with evidence of his age, and he failed to check the box on his Individual Income Tax Returns indicating he was "[a]ge 65 or older; or an unremarried spouse of a person who was 65 or older at the time of death." MCL 206.522(1)(c). Although petitioner wrote lengthy letters asserting his eligibility for an HPTC, these exhibits are not considered "reasonable proof" of his eligibility under MCL 206.530. In this case, proof of age is a prerequisite to entitlement for an HPTC. MCL 206.522(1)(c). Therefore, the MTT could have concluded petitioner was not entitled to an HPTC on the basis of this fact alone.

However, the MTT continued, noting petitioner failed to present evidence demonstrating that his income in tax years 2017 and 2018 was accurately reported. Petitioner also failed to present evidence to the MTT showing the taxes levied on the respective properties in the relevant tax years. To determine whether a homeowner is entitled to an HPTC requires a comparison of the taxes levied on a property and the taxpayer's THR, which includes income. MCL 206.522(1)(c). Again, the burden was on petitioner to present evidence in support of his claims. In this case, petitioner provided no proof of his income, no evidence demonstrating the taxes levied on the properties, and nothing from which the MTT could calculate petitioner's THR. Because of this, it was impossible for the MTT to calculate the HPTC for either year. Therefore, the MTT did not err when it calculated petitioner's HPTC claims at $0—indeed, a calculation of $0 was appropriate given the lack of evidence.

Affirmed.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica