# STATE OF MICHIGAN

# COURT OF APPEALS

JOHNS FAMILY LIMITED PARTNERSHIP and
BURGESS COMPANY, LLC,

UNPUBLISHED
August 2, 2016

Plaintiffs-Appellants,

v

No. 326649
Macomb Circuit Court
LC No. 2014-004359-NZ

CHARTER TOWNSHIP OF CHESTERFIELD,
LINDA HARTMAN, and DEAN BABB,

Defendants-Appellees.

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Plaintiffs appeal as of right the order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(4) (lack of subject matter jurisdiction). We affirm.

Both plaintiffs own real property in Chesterfield Township. Before building on their properties, plaintiffs constructed private roads and added water mains, sanitary sewers, storm sewers, and other utilities. Based on those improvements, and acting in reliance on MCL 211.34d(1)(b)(*viii*), defendants increased the taxable value of plaintiffs' properties. In 2006, a panel of this Court struck down MCL 211.34d(1)(b)(*viii*), as unconstitutional. *Toll Northville, LTD v Northville Twp*, 272 Mich App 352; 726 NW2d 57 (2006) (holding that improvements such as roadways, sewers, and walkways cannot be considered "additions" to real property and thus cannot be used to increase the taxable value of vacant land).[1]

After the 2006 *Toll Northville* decision, defendants did not re-adjust the taxable value of plaintiffs' land to remove the now-unconstitutional basis for the increase in taxable value. Plaintiffs did not, however, contest the taxable value of their properties until 2013, when they sought relief from the Chesterfield Township Board of Review. The Board lowered each

---

[1] The Supreme Court affirmed the pertinent portions of this Court's decision holding that public service improvements are not taxable additions to real property, but vacated in part other portions not relevant to this appeal. *Toll Northville, LTD v Northville Twp*, 480 Mich 6; 734 NW2d 902 (2008).

plaintiffs' taxable value but only for the year 2013 and going forward. Plaintiffs then appealed to the Michigan Tax Tribunal, which dismissed their appeals for the years 2006 through 2012 because plaintiffs had failed to seek relief for those years within the time frame provided by law. In doing so, the tribunal recognized that it has "the authority to reduce an unconstitutional previous increase in taxable value for purposes of adjusting a taxable value that was timely challenged in a subsequent year." *Michigan Properties, LLC v Meridian Twp*, 491 Mich 518, 545-546; 817 NW2d 548 (2012). However, the tribunal held that it had no authority to grant plaintiffs relief for 2006 through 2012, noting that *Michigan Properties* implicitly held that its authority did not extend to adjusting taxable values for years in which the property owner (such as the ones here) did *not* file a timely appeal. After the tribunal denied their motion for reconsideration, plaintiffs filed the instant case in Macomb Circuit Court. Defendants moved for summary disposition pursuant to MCR 2.116(C)(4), which the circuit court granted. This appeal followed.

We review the issue of a circuit court's subject matter jurisdiction, as well as matters of statutory interpretation, de novo. *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013). Orders granting or denying summary disposition are also reviewed de novo. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010).

Michigan circuit courts have broad original jurisdiction in " 'all matters not prohibited by law[.]' " *Hillsdale Co Senior Servs*, 494 Mich at 52, quoting Const 1963, art 6, § 13. This includes " 'all civil claims and remedies,' " except when some other court is given exclusive jurisdiction over a type of claim. *Hillsdale Co Senior Servs*, 494 Mich at 52, quoting MCL 600.605. Before the state's first tax tribunal was created, the circuit courts had jurisdiction over all tax matters. *Ashley Ann Arbor, LLC v Pittsfield Charter Twp*, 299 Mich App 138, 147; 829 NW2d 299 (2012). However, the tax tribunal was granted its jurisdiction in 1974 in MCL 205.731[2], which now states, in pertinent part:

> The tribunal has exclusive and original jurisdiction over . . .
>
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state.
>
> (b) A proceeding for refund or redetermination of a tax under the property tax laws of this state.
>
>       \*   \*   \*
>
> (e) Any other proceeding provided by law.

---

[2] See PA 1973, No. 186 § 31, Effective July 1, 1974.

-2-

Because divesting the circuit courts of jurisdiction is a serious matter, statutes that do so are to be strictly construed. *Ashley Ann Arbor*, 299 Mich App at 147.

In this case, the circuit court found that the tax tribunal had exclusive jurisdiction over plaintiffs' claims pursuant to subsection (a) above. There are four elements that must be met in order for the tax tribunal to have original and exclusive jurisdiction under MCL 205.731(a): "(1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws." *Hillsdale Co Senior Servs*, 494 Mich at 53.

In the case at bar, all four elements are present. Plaintiffs first sought relief, in the form of reimbursement for purported improper property taxes collected for the years 2006 through 2012, from the Board. The Board of Review is an "agency" pursuant to MCL 205.703 because it is a board that is "empowered to make a decision" that is "subject to review under the jurisdiction of the tribunal." The Board conducted a proceeding to determine if the taxable value of plaintiffs' land was correct or not, which relates to valuation under the property laws of this state. Because all four elements of MCL 205.731(a) were met, the tribunal had original and exclusive jurisdiction over the subject matter of the taxable value of the properties, and it issued its final ruling.

Plaintiffs, however styled their complaint in this case as a violation of 42 USC 1983, alleging that defendants deprived them of due process under the Fifth and Fourteenth Amendments to the United States Constitutions by charging them taxes pursuant to an unconstitutional statute. Plaintiffs sought declaratory relief, money damages, costs, interest, and attorney fees pursuant to 42 USC 1988, as well as punitive damages against the individual defendants. Plaintiffs thus argue that the circuit court has jurisdiction over this case because it presents constitutional issues and because they seek relief beyond mere reimbursement of taxes, both of which exceed the scope of the tribunal's authority. We disagree.

The burden of proof to establish jurisdiction is on plaintiffs. *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 50; 620 NW2d 546 (2000). A court determines whether it has subject matter jurisdiction based on the allegations in the complaint. *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 707; 575 NW2d 68 (1997). If the allegations make it apparent that the matter falls within the category of cases over which the court has authority to act, that court has subject matter jurisdiction. *Id*. at 707-708. Although plaintiffs have labeled this a § 1983 action, a court is not bound by a party's choice of labels for the action when analyzing jurisdictional issues. *Kostyu v Dep't of Treasury*, 170 Mich App 123, 130; 427 NW2d 566 (1988).

Under § 1983, "persons" who act under color of law to deprive someone of their constitutional rights may be sued. *Monell v Dep't of Social Servs of City of New York*, 436 US 658, 690; 98 S Ct 2018; 56 L Ed 2d 611 (1978). Both a unit of local government and its officials are "persons" as defined by § 1983. *Id*. at 690 n 55. Such persons will be held to have acted under color of law if they act pursuant to a custom of the governmental unit, even where the custom has not been formally approved through the government body's official channels. *Id*. at 690-691.

In the case at bar, plaintiffs alleged that defendants, acting under color of an unconstitutional statute and pursuant to the township's official policy or practice, knowingly deprived plaintiffs of their property rights by assessing unconstitutional taxes, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs may have adequately alleged that defendants were persons acting under color of law, but they have not cited any case holding that being charged taxes erroneously rises to the level of a constitutional violation. There is, however, support for the opposite conclusion. In *Johnston v Livonia*, 177 Mich App 200; 441 NW2d 41 (1989), we held that an erroneous assessment claim belongs in the tax tribunal, *even if it is framed in terms of due process*. The plaintiff in *Johnston* was repeatedly charged property taxes on her parcel of land as well as a second parcel, which she did not own. The defendant city refused to partition the two parcels for separate tax assessments, despite actual knowledge that the parcels had different owners. The plaintiff filed an action in circuit court, alleging that defendant's decision was arbitrary and capricious, without due process of law, and contrary to the applicable tax law. *Id*. at 206. She alleged that the defendant acted intentionally and pursuant to policy and custom of the defendant. *Id*. The circuit court in *Johnston* granted the defendants' motion for summary disposition on the ground that it lacked subject matter jurisdiction. *Id*. at 204.

The *Johnston* Court held that the plaintiff's claims fell "squarely within the scope of the Tax Tribunal's jurisdiction." *Id*. at 206-207. The Court explained that, while the circuit court retains the jurisdiction to decide "purely constitutional claims affecting taxes," *id*. at 208, the tribunal may decide claims framed in constitutional terms alleging that a tax assessment was arbitrary and capricious and without foundation. *Id*. at 207. The Court further noted that the plaintiff was not challenging how the taxes were used or the constitutionality of the statute that authorized her assessments. *Id*. at 208. Rather, she challenged the validity of the assessment because it included an assessment for a parcel she did not own. Because that issue required "a factual determination of the accuracy of the assessment and the method of assessing plaintiff's property," it was within the jurisdiction of the tribunal. *Id*. at 208. We explained that to hold otherwise would mean that "virtually every matter submitted to the Tax Tribunal could find its way to circuit court since any inaccurate or improper assessment of a tax could be said to violate the taxpayer's constitutional rights as a taking without due process." *Id*.

Plaintiffs' claims in the instant case are remarkably similar to those in *Johnston*. Plaintiffs allege that defendants knowingly continued to state the taxable values on their property as they had been before we held that it was unconstitutional to base a tax value on the addition of utilities, sewers, and roads. They allege that this violated the tax law as it has existed in Michigan since 2006, and that this violated plaintiffs' due process rights. Where Johnston alleged that the city's refusal to separate the parcels was "arbitrary" and "capricious," plaintiffs allege that defendants' failure to lower their taxable values was "egregious and unfair" and violated defendants' "affirmative duty" to lower their taxable values in 2006.

In holding that *Johnston* fell solidly within the tax tribunal's jurisdiction, we implicitly held that invalid tax assessments do not rise to the level of a constitutional due process

violation[3], even when the taxing authority knows they are wrong and refuses to change them. The instant case is not fairly distinguishable from *Johnston*—it is a claim alleging that a tax valuation was arbitrary and capricious and without foundation, framed in constitutional terms, but lacking an allegation that rises to the level of a due process violation. As in *Johnston*, plaintiffs are not challenging how the taxes were used or the constitutionality of the statute that authorized the assessments, which was declared unconstitutional in 2006. Rather, plaintiffs challenge the validity of the taxable value of their land and how it was calculated. As in *Johnston*, that issue required a factual determination regarding the accuracy of the taxable values and the method of calculating them, which is solidly within the tax tribunal's area of expertise. As in *Johnston*, therefore, the tax tribunal, and not the circuit court, has jurisdiction over this lawsuit.

Plaintiffs' argument that the tax tribunal did not have jurisdiction because they sought damages beyond reimbursement of their taxes is also unavailing. As the Michigan Supreme Court has recently clarified, "when proceeding under MCL 205.731(a), the tribunal's jurisdiction is determined by the subject matter of the proceeding, *not* on the type of relief requested." *Hillsdale Co Senior Servs*, 494 Mich at 60.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[3] Plaintiffs cannot allege that they were deprived of a forum in which to challenge the 2006-2012 assessments. Such challenges could have been made in timely fashion to the Township Board of Review and, if necessary, to the Tribunal, but were not.